### LA MANNA, AZEMA & FARNAN v. UNITED STATES.

(Circuit Court, S. D. New York. May 16, 1907.)

No. 4,521.

1. CUSTOMS DUTIES—CLASSIFICATION—DRAGEES—CONFECTIONERY.

So-called dragees, small round bodies with a silver coating, which are composed of sugar and starch, and are used by bakers for decorating cakes, and to some extent by confectioners, are not "sugar candy" or "confectionery," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule E, par. 212, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647], but are dutiable as articles in part of silver under Schedule C, par. 193, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645].

2. SAME—APPRECIABLE COMPONENT.

The presence in an article of .276 per cent. of silver, constituting the silver coating therefor, is sufficiently substantial to affect its classification under a tariff provision for articles "in part" of silver.

On Application for Review of a Decision of the Board of United States General Appraisers.

In the decision in question, the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York.

The Board's opinion reads as follows:

WAITE, General Appraiser. The goods in controversy in this case consist of so-called dragees, being small spherical or spheroidal objects with a silver

coating and sweet taste, used by bakers for decorating cakes, and to some extent by confectioners. They were assessed for duty at 50 per cent. ad valorem, under Tariff Act July 24, 1897, c. 11, § 1, Schedule E, par. 212, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647], covering "sugar candy and all confectionery not specially provided for," and are claimed to be dutiable, as unenumerated articles, at 10 or 20 per cent., under section 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], or as articles wholly or in part of silver, at 45 per cent. ad valorem under paragraph 193, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]. An analysis of a sample of the merchandise gives the following results: Cane sugar, 73.786 per cent.; wheat starch centers, 25.938 per cent.; silver, metallic, .276 per cent.

The case was submitted upon the above mentioned sample and analysis, with a stipulation by both parties for an incorporation in the record of the evidence taken in the case of H. H. Geilfuss, G. A. 5,485 (T. D. 24,799). That case involved merchandise of substantially the same character, which was held by the board to be dutiable at the rate assessed in this case; the importer's claim for assessment under section 6 being overruled. After stating the facts and quoting the definitions of confectionery, the Board observed: "The articles in controversy are in our judgment 'confectionery,' within this definition. There is no evidence in the case which would justify a finding that they are not confectionery within the meaning of paragraph 212. Were there proof that the word has a meaning in the usage of trade and commerce which would exclude dragees, the similitude clause would nevertheless make the confectionery rate applicable. The goods appear to be nothing but small pieces of candy, and therefore identical in material with the articles named in paragraph 212."

It seems probable that the protestants have submitted the present case under the misconception that the Board in the Geilfuss Case held dragees to be dutiable as confectionery by similitude, or left in doubt the question whether they were directly within the provisions of paragraph 212, and base the claim that they are dutiable under paragraph 193 upon the assumption that the goods are not so provided for, and that the similitude clause is inapplicable, for the reason that they are enumerated in paragraph 193 as "articles or wares not specially provided for in this act, composed wholly or in part of * * * silver, * * * or other metal."

It quite clearly appears from the above excerpt that the Board's decision held the articles to be provided for as confectionery upon the evidence before it, and that the reference to the similitude clause was merely by way of additional argument, and not strictly necessary to the conclusion reached. If it were conceded that the pellets in question, on account of their diminutive size, were not sold or eaten like ordinary candy, and were not confectionery within the meaning of paragraph 212, we should nevertheless entertain much doubt whether they were "articles or wares" composed in part of silver, within the meaning of paragraph 193. They are small shapes of candy decorated with a thin coating of silver, the silver constituting but slightly over one-fourth of one per cent. of the total components in quantity. It seems to have been the opinion of the Supreme Court on Seeberger v. Schlesinger, 152 U. S. 581, 587, 14 Sup. Ct. 729, 38 L. Ed. 560, that the tariff provision for manufactures in part of metal should not be applied "if the metal be a mere incident or immaterial part of the completed article, as, for instance, the screws or knobs upon an article of household furniture, or the buttons upon an article of clothing." The application of the principle to this case is obvious.

As no new facts have been brought to light, however, the Board sees no reason for revising its finding in the Geilfuss Case, supra, to the effect that dragees are confectionery, and dutiable under said paragraph 212.

The protest is overruled, and the collector's decision affirmed.

Hatch & Clute (Walter F. Welch, of counsel), for importers.
D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. Decision reversed.